**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EZEKIEL ISIAH DELGADO,

        Petitioner-Appellant,

  v.

NEIL McDOWELL,

        Respondent-Appellee.

No. 23-1964

D.C. No. 2:21-cv-01084-TLN-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 9, 2024
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and SEABRIGHT,[**] District
Judge.

    Ezekiel Isiah Delgado appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition, filed after a California Court of Appeal ("CCA") affirmed

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable J. Michael Seabright, United States District Judge for
the District of Hawaii, sitting by designation.

his conviction for two counts of first-degree murder and a firearms offense, and after the California Supreme Court denied review. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing the district court's decision de novo, *see, e.g.*, *Sherman v. Gittere*, 92 F.4th 868, 874 (9th Cir. 2024), we affirm.

We apply the Antiterrorism and Effective Death Penalty Act's ("AEDPA") standard of review set forth in 28 U.S.C. § 2254(d). "AEDPA's 'highly deferential standard' applies to the state court's last reasoned decision on the merits, in this case the [CCA] decision." *Grimes v. Phillips*, 105 F.4th 1159, 1165 (9th Cir. 2024) (citing *Reis-Campos v. Biter*, 832 F.3d 968, 973 (9th Cir. 2016)).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Under § 2254(d)(1), "[t]he relevant inquiry under AEDPA is not whether the state court's determination was erroneous or incorrect, but rather whether it was 'objectively unreasonable,' a 'substantially higher threshold.'" *Grimes*, 105 F.4th at 1165 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)). And under § 2254(d)(2), "a state-court decision is 'based on an unreasonable determination of the facts' if 'we are convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the

2

record.'"  *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019) (quoting *Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014)).

1.  Application of *Missouri v. Seibert*, 542 U.S. 600 (2004)

Justice Kennedy's concurrence in *Seibert* "represents *Seibert*'s holding." *United States v. Williams*, 435 F.3d 1148, 1158 (9th Cir. 2006).  It thus constitutes "clearly established" law for purposes of habeas review under 28 U.S.C. § 2254(d). *See Reyes v. Lewis*, 833 F.3d 1001, 1028 (9th Cir. 2016).  The CCA's decision was neither "contrary to" or "an unreasonable application of" *Seibert* under 28 U.S.C. § 2254(d)(1), nor "an unreasonable determination of the facts" under § 2254(d)(2).

Even if some of the objective factors support Delgado's position, both the state trial court and the CCA specifically found—based largely on the credibility of witnesses at the suppression hearing—that the detectives had no deliberate intent to circumvent or undermine *Miranda* with a "two-step strategy."  *Seibert*, 542 U.S. at 621 (Kennedy, J., concurring).  The state trial court found that "the detectives' treatment of . . . Delgado was not a subterfuge designed to 'lull' him into an unadvised confession."  Although the CCA found a *Miranda* violation as to the first confession, it nevertheless found no violation as to the second and upheld the finding that there was no deliberate effort to undermine *Miranda*.  The CCA "[took] Justice Kennedy's opinion [in *Seibert*] as written:  It requires a finding of a deliberate intent and plan to circumvent *Miranda*."  And the CCA upheld "the trial

3

court's finding that there was no such intention." [1]

In this habeas context, we defer to those factual findings. *See, e.g.*, *Mann v. Ryan*, 828 F.3d 1143, 1153 (9th Cir. 2016) (en banc) ("Our review of the state habeas court's credibility determinations is highly deferential.") (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.")); *Frye v. Broomfield*, — F.4th —, No. 22-99008, 2024 WL 4128831, at *8 (9th Cir. Sept. 10, 2024) ("The state court's factual determination is accorded 'substantial deference,' and we may not supersede it where 'reasonable minds reviewing the record might disagree about the finding in question.'") (quoting *Brumfield v. Cain*, 576 U.S. 305, 314 (2015)). The CCA was not objectively unreasonable, and a fairminded jurist could have found no *Seibert* violation.

2. Application of *Oregon v. Elstad*, 470 U.S. 298 (1984)

Similarly, the CCA's finding that both of Delgado's confessions were

---

[1] We are not convinced by Delgado's argument that the CCA misunderstood *Seibert*'s test and improperly cabined its analysis to an institutional policy or practice to subvert *Miranda*. The CCA quoted and emphasized key provisions of Justice Kennedy's statement of the test, even if the CCA used the term "policy or practice" elsewhere. "As the Supreme Court has made clear, it is the application, not the recitation of a standard that matters for § 2254(d) purposes." *Hardy v. Chappell*, 849 F.3d 803, 819 (9th Cir. 2016) (citing *Sears v. Upton*, 561 U.S. 945, 952 (2010) (per curiam)).

voluntary under *Elstad* withstands habeas review under AEDPA's standards. *See Elstad*, 470 U.S. at 318 ("[T]he finder of fact must examine the surrounding circumstances and the entire course of police conduct with respect to the suspect in evaluating the voluntariness of his statements."). The CCA's finding of voluntariness was based largely on an independent viewing of the video itself, as well as a review of the state trial court's voluntariness findings. This is primarily a credibility determination, to which this court defers. *See, e.g.*, *Mann*, 828 F.3d at 1153. The CCA also specifically examined factors such as coerciveness, the manner of questioning, and Delgado's age. And our independent viewing of the video confirms that Delgado freely and forthrightly confessed, answering questions and volunteering details of the murders, including spontaneously using props to explain what happened. The voluntariness finding was neither (1) "contrary to" or "an unreasonable application" of clearly established Supreme Court law, nor (2) an "unreasonable determination of the facts" given the evidence before the state court. *See Harrington*, 562 U.S. at 103; *Carter*, 946 F.3d at 501.

    3.  Harmless Error

    Finally, the CCA's conclusion that wrongful admission of the first confession (as a *Miranda* violation) was harmless beyond a reasonable doubt was not objectively unreasonable, nor, under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), was there "grave doubt about whether [the error] of federal law had

5

'substantial and injurious effect or influence in determining the jury's verdict.'" *Davis v. Ayala*, 576 U.S. 257, 268 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). The CCA concluded that Delgado's second confession "fully encompassed his unwarned statements, [was] more detailed, and included his spontaneous and vivid reenactment of the crimes." It reasoned that "the inadmissible evidence was at worst partly cumulative of the admissible evidence." Those conclusions were neither objectively unreasonable nor beyond any possibility for fairminded disagreement. *See Harrington*, 562 U.S. at 102−03.

**AFFIRMED.**